Judge Wood
stated the case, and delivered the opinion of the court:
The plaintiff brought an action before tbe justice of the peace, against the defendant, which was tried, judgment rendered for the defendant, and an appeal taken to the common pleas. The transcript certified up by the justice is entitled as follows: “ George Austin v. Anson Hayden, action on the case, damages twenty dollars for killing plaintiff’s hog, May 28, 1833.” The plaintiff filed his declaration in the common pleas in trespass for the same cause of action set forth in the transcript.
The defendant craved oyer of the writ issued by the justice, and - of the transcript certified to the common pleas, and filed his plea in abatement to the declaration, on the ground of variance between the writ, transcript, and declaration; the cause of' action-in the writ and transcript being trespass on the case, and, in the-declaration, trespass.
To this plea, in abatement, the plaintiff filed a general demurrer, on which issue was joined, and judgment given thereon by the common pleas for the defendant, sustaining the defendant’s-, plea,.in abatement, to the plaintiff’s declaration.
The plaintiff has assigned for error, on this record :
1. That the court of common pleas erred in overruling the-plaintiff’s demurrer to the defendant’s plea in abatement.
2. That the common pleas erred in sustaining the defendant’s-plea in abatement.
3. That the common pleas erred in rendering judgment for the.defendant, when, by law, it should have been for the plaintiff.
*394 On this record, and these assignments for error, it will at once be perceived that but a single inquiry is presented, which is. how far a plaintiff may vary, in stating his cause of action in his declaration in the common pleas, from the form of action as sot forth by the justice in the transcript? This subject has been frequently 389] agitated in the different parts of this state, and *is believed to have been determined in different ways in the different circuits in which it has arisen. The extent of the jurisdiction of justices of the peace, and the frequent appeals taken from their judgments, make it highly necessary the question should bo settled by a reported decision.
In iorming an opinion on this subject, but little light can be obtained by a reference to any of the English books of practice; but we must look to our own statute, and to our local circumstances, and as far, at least, as reason and propriety will bear us along, and our power exists, view the proceedings of justices of the peace in that light which the exigencies of our community so peculiarly would seem to require. The proceedings of justices of the peace have usually, in our courts, been viewed with a favorable eye, and every reasonable intendment made to sustain them. From the manner in'which they are elected, their numbers, and the little business throughout the state which falls to the share of each, it ■ can not reasonably be supposed that they are generally acquainted 'with the forms of legal proceedings, and apply to their official acts ?.the same rules that we apply in courts of record, and few, very few, •of their proceedings can be sustained. This would not do. It •would produce much evil, and is not in our vew called for.
So far as the defendant has craved oyer of the writ issued by the ■justice, and pleaded in abatement for variance between that and •.the declaration, his plea in abatement is bad, and the demurrer to it properly sustained. The defendant can not crave oyer of the writ issued by the justice. It forms no part of the justice’s record. It is not required to be certified up to the common pleas, but remains with the files of the justice. It is, therefore, beyond the reach of the defendant, and, as he can not have oyer of the writ, he can not avail himself of any variance between it and the declaration, by plea in abatement.
It is true, section 44 of the act defining the duties of justices of the peace requires the justice, when an appeal is taken, to certify •up the bill -of particulars, the depositions, and all other original *395 papers, if any were used on the trial before him. The bill of particulars is to be certified, because the plaintiff is confined to it in the common pleas; the depositions are to be certified, to be used as evidence on the trial; “ and all other original papers, if any used on the trial, means, we think, such papers and instruments only, as were used as evidence on the trial. The writ issued by the justice can not be used as evidence *on the trial; it forms [890 no part of the record, and could not be used in the common pleas, and it can not be supposed the statute required it to be certified to the common pleas, so long as it is perfectly useless to do so. The defendant, then, can take no advantage of a variance between it and the declaration, because he has no right to oyer of the writ. ,
The transcript is certified up by the justice. It forms a part of the record. It is the process or means by which the parties get' before the court. The defendant may crave oyer of the transcript, and if any real, substantial variance exist between it and the declaration, he may plead it in abatement. So liberally do we view the proceedings of parties, however, that it must be clearly such a variance as I have described, or it will not be favorably regarded. The transcript is in this case substantially like the writ; and is there any variance between it and the declaration which the law will not tolerate? In the transcript the suit is described, an action on the case; damages twenty dollars for killing plaintiff’s hog. The cause of action, as here laid, is clearly in tort. It is so far described, that the defendant has notice what it is for which the plaintiff complains. Is it possible that he can be misled in the common pleas, if the plaintiff then declares in trespass for killing a hog ? Is not the cause of action precisely the same ; and the only difference that, in the one case, the damages are immediate, and in the other, consequential? Would it be right? Does good policy, or is there any rule of positive law, applicable to the proceedings of a justice of the peace, that would require him to define the boundaries between trespass and case? A'point which it is sometimes difficult for the most learned of the profession to correctly determine. We think not.
Section 44 of the act to which I have reference, it is true, provides “the plaintiff in the court below shall be plaintiff in the court of common pleas, and the parties shall proceed in all respects in the same manner as though the suit on action had been originally commenced in said court.” Counsel argue, on this section *396 of the statute, that as the parties are to proceed in the same manner on the appeal as if the action had been commenced in the common pleas, that taking the transcript for the process, they may avail themselves of any variance between it and the declaration, as if it were an original writ. We do not think so. This section only intends to require that a declaration shall be filed, an issue 391] made up, and the trial ^conducted on an appeal,, as if the proceedings had been commenced in the common pleas. This seems to us to be the obvious construction, and viewing the proceedings of the justice with certainly but reasonable liberality, there can not be said to be any variance between the transcript and variation, which ought to avail the defendant on a plea in abatement.
In Newland on Contracts it is said the declaration is only an enlarged exposition of the writ, and that the plaintiff may so far vary from the writ in declaring, as to go from assumpsit to debt, and e converso, but not from contract to tort. Reasoning from analogy, then, the plaintiff may change from trespass to case, or e converso ; and although there is no positive written rule to be found to sanction it, it is known to have been the practice in some of the circuits in this state to permit the change from one species of contract or tort to another for many years, and such we think to be the law; but whether a variance from contract to tort or tort to contract in such cases would be sustained, is unnecessary to be decided in this case. It is our opinion that the court of common pleas erred in overruling the demurrer to the defendant’s plea in abatement, and the judgment of the common pleas is reversed.